UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY TRUSSEL,

            Plaintiff,

    -against-

CIGNA LIFE INSURANCE COMPANY
OF NEW YORK, and CORNELL UNIVERSITY,

            Defendants.

---

07 CV 6101(WHP)

**ANSWER**

Defendants CIGNA Life Insurance Company of New York ("CLICNY") and Cornell University ("Cornell")(collectively, the "Defendants") by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their Answer to plaintiff's Complaint ("Complaint"), respond as follows:

## THE PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

2. Defendants admit the allegations contained in paragraph "2" of the Complaint to the extent that CLICNY is a New York Corporation with its principal place of business at 140 East 45th Street, New York, New York 10017, and is licensed to do business in the State of New York. Defendants deny the remainder of the allegations in paragraph "2" of the Complaint.

3. Defendants deny the allegations contained in paragraph "3" of the Complaint, but admit that Cornell was and still is an education corporation chartered under Article 115 of the

1682336v.1

Education Law of the State of New York with its principal place of business in Ithaca, New York.

## JURISDICTION AND VENUE

4.  Defendants neither admit nor deny the allegations contained in paragraph "4" of the Complaint but refer the Court to the law cited therein.

5.  Defendants admit that venue is proper in the Southern District of New York, but deny the remainder of the allegations contained in paragraph "5" of the Complaint on the ground that "INA" is not a party to this action.

6.  Defendants neither admit nor deny the allegations contained in paragraph "6" of the Complaint but refer the Court to the law cited therein.

7.  Defendants admit the allegations contained in paragraph "7" of the Complaint to the extent that plaintiff was employed by Cornell University as a Human Resources Director.

8.  Defendants admit the allegations contained in paragraph "8" of the Complaint.

9.  Defendants admit the allegations contained in paragraph "9" of the Complaint.

10. Defendants neither admit nor deny the allegations contained in paragraph "10" of the Complaint, but refer the Court to the document referenced therein.

11. Defendants neither admit nor deny the allegations contained in paragraph "11" of the Complaint, but refer the Court to the document referenced therein.

12. Defendants admit to the allegations contained in paragraph "12" of the Complaint to the extent that during the period within which the Policy was in full force and effect, and

1682336v.1

while plaintiff was an eligible employee, plaintiff became disabled pursuant to the "own occupation" standard articulated in the Policy.

13. Defendants neither admit nor deny the allegations contained in paragraph "13" of the Complaint, but refer the Court to the documents referenced therein.

14. Defendants neither admit nor deny the allegations contained in paragraph "14" of the Complaint, but refer the Court to the documents referenced therein.

15. Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Complaint.

17. Defendants admit the allegations contained in paragraph "17" of the Complaint to the extent that, by letter dated April 27, 2004, CLICNY approved plaintiff's claim for long term disability benefits under the "own occupation" standard set forth in the Policy.

18. Defendants neither admit nor deny the allegations contained in paragraph "18" of the Complaint, but refer the Court to the documents referenced therein.

19. Defendants neither admit nor deny the allegations contained in paragraph "19" of the Complaint, but refer the Court to the documents referenced therein.

20. Defendants neither admit nor deny the allegations contained in paragraph "20" of the Complaint, but refer the Court to the documents referenced therein.

21. Defendants neither admit nor deny the allegations contained in paragraph "21" of the Complaint, but refer the Court to the documents and law referenced therein.

22. Defendants deny the allegations contained in paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in paragraph "23" of the Complaint.

1682336v.1

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants admit the allegations contained in paragraph "36" of the Complaint to the extent that certain employee benefits terminate pursuant to the Policy when the plaintiff is no longer disabled and has not resumed employment.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants neither admit nor deny the allegations contained in paragraph "38" of the Complaint, but refer the Court to the law referenced therein.

39. Defendants neither admit nor deny the allegations contained in paragraph "39" of the Complaint, but refer the Court to the law referenced therein.

PRAYER FOR RELIEF

a.  Defendants deny the allegations of paragraph "a."

b.  Defendants deny the allegations of paragraph "b."

c.  Defendants deny the allegations of paragraph "c."

d.  Defendants deny the allegations of paragraph "d."

e.  Defendants deny the allegations of paragraph "e."

f.  Defendants deny the allegations of paragraph "f."

g.  Defendants deny the allegations of paragraph "g."

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims against defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all relevant times, Defendants acted in good faith and fulfilled their duties and responsibilities to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The cause of action set forth in the Complaint is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendants, or their agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance and conformity with the terms, procedures, and requirements of said plan.

**FIFTH AFFIRMATIVE DEFENSE**

1682336v.1

Any and all actions taken by Defendants or their agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendants to Plaintiff.

WHEREFORE, the Defendants demand judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         September 4, 2007

                                        Respectfully submitted,

                                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                        By: s/Michelle M. Arbitrio
                                            Michelle M. Arbitrio (MA 2137)
                                            *Attorneys for the Defendants*
                                            *CIGNA Life Insurance Co. of New York and*
                                            *Cornell University*
                                            3 Gannett Drive
                                            White Plains, New York 10604
                                            (914) 323-7000 Ext. 4088
                                            File No.: 09856.00070

1682336v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 6, 2007, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    /s/ Michelle M. Arbitrio
                                    Michelle M. Arbitrio (MA 2137)