UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NANCY TRUSSEL,

                                Plaintiff,

    - against -

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK, and CORNELL UNIVERSITY,

                                Defendant.
------------------------------------------------------------------X

07CV 6101 (SAS)

**PROPOSED**
**SCHEDULING ORDER**

      Whereas, the Court issues an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on October 16, 2007 (the "Order"); and

      Whereas, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

      Now, therefore, the parties hereby submit the following information as required by the Order:

(1)    The date of the conference is October 30, 2007. Appearances for the parties:

    For Plaintiff:    Jason Newfield, Esq. (JN5529), Frankel & Newfield, P.C., 585 Stewart Avenue, Garden City, New York 11530; (516) 222-1600, fax (516) 222-0513.

    For Defendants:    Michelle Arbitrio, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 3 Gannett Drive, White Plains, NY 10604; (914) 323-7000, fax (914) 323-7001.

(2)    A concise statement of the issues as they then appear:

      Plaintiff brings this ERISA action seeking a declaration of entitlement to her long term disability benefits under a group policy of insurance between Defendant and Plaintiff's employer, Cornell University.

      Plaintiff contends that Defendant's adverse benefit determination was erroneous, was

rendered in an arbitrary and capricious manner, was made as a result of CIGNA's inherent conflict of interest as claims payor and claims determiner, which conflict actually influenced the decision making, and was the result of a multitude of procedural irregularities in the handling of his claim.

Defendant takes the position that its benefit determination was reasonable and supported by substantial evidence in the claim record; that the medical records in the administrative file support a finding that plaintiff was not disabled as that term is defined in the Plan Contract; and that the decision to terminate plaintiff's benefits was not influenced by a conflict of interest. Therefore, defendant contends that for these and other reasons, its benefits determination should be upheld under either a de novo or arbitrary and capricious standard of review.

(3)  A schedule including:

   (a)  the names of persons to be deposed and a schedule of planned depositions:

Plaintiff will seek to conduct several depositions of CIGNA employees involved in the handling of Plaintiff's claim. Defendant takes the position that, because this matter is governed by ERISA, discovery is limited to the administrative record, a copy of which has already been exchanged. If appropriate, these depositions will be held on or before January 15, 2008.

   (b)  a schedule for the production of documents:

Plaintiff will seek the discovery of various categories of documents to support its contentions, as well as Interrogatories and Requests for Admission . Defendant believes that discovery should be limited to the production of the administrative claim record, which Defendant has provided.

   ( c)  dates by which expert reports will be supplied:

The parties currently do not anticipate the utilization of experts in this action.

   (d)  time when discovery is to be completed:

The parties agree that discovery should be completed by February 15, 2008.

   (e)  the date by which dispositive motions will be served or by which Plaintiff will supply

1729541.1

its pre-trial order matters to Defendant:

March 15, 2008.

(f)     (if dispositive motions are not made) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed findings of fact and conclusions of law:

April 15, 2008

(g)     Date for final pre-trial conference pursuant to Fed. R. Civ. P 16(d): _____

(4)     A statement of the limitations to placed on discovery, including any protective or confidentiality orders:

Defendant takes the position that because this action is governed by ERISA, no discovery is permitted beyond the production of the administrative claim record. Defendant contends that plaintiff will be unable to make a preliminary factual showing of good cause for entitlement to discovery beyond the administrative record. Defendant further contends that its benefit determination was not influenced by a conflict of interest but rather resulted from a full and fair review of the administrative file pursuant to ERISA. Defendant contends that under whether the court applies arbitrary and capricious standard of review or a de novo standard of review, discovery is limited to the administrative record.

Plaintiff contends that a *de novo* standard of review applies, since the plan documents do not confer discretion upon CIGNA. Plaintiff contends that discovery will be appropriate as to the issue of the alleged conflict of interest of Defendant, if Defendant does not stipulate to the *de novo* standard of review, and such conflict of interest's impact on the handling of Plaintiff's claim; Plaintiff further contends that discovery is appropriate as to the alleged procedural irregularities involved in the handling of Plaintiff's claim, including but not limited to Defendant's failure to

1729541.1

consider the impact of Plaintiff's co-morbid conditions on her ability to work, the failure to consider the impact of Plaintiff's medications upon her ability to work, and the failure to properly consider Plaintiff's work requirements in evaluating her claim; and further Plaintiff contends that discovery is appropriate as to the manner in which the claim was handled to explore whether Plaintiff was afforded a full and fair review of her claim as mandated by ERISA which evidence might be relevant to the parties' argument as to whether Defendant acted in an arbitrary and capricious manner if that standard of review applies.

(5)   A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

Defendant takes the position that because this action is governed by ERISA, no discovery is permitted beyond the production of the administrative claim record. Defendant contends that plaintiff will be unable to make a preliminary factual showing of good cause for entitlement to discovery beyond the administrative record. Defendant further contends that its benefit determination was not influenced by a conflict of interest but rather resulted from a full and fair review of the administrative file pursuant to ERISA. Defendant contends that under whether the court applies arbitrary and capricious standard of review or a de novo standard of review, discovery is limited to the administrative record.

Plaintiff contends that a *de novo* standard of review applies, since the plan documents do not confer discretion upon CIGNA. Plaintiff contends that discovery will be appropriate as to the issue of the alleged conflict of interest of Defendant, if Defendant does not stipulate to the *de novo* standard of review, and such conflict of interest's impact on the handling of Plaintiff's claim; Plaintiff further contends that discovery is appropriate as to the alleged procedural irregularities involved in the handling of Plaintiff's claim, including but not limited to Defendant's failure to

1729541.1

consider the impact of Plaintiff's co-morbid conditions on her ability to work, the failure to consider the impact of Plaintiff's medications upon her ability to work, and the failure to properly consider Plaintiff's work requirements in evaluating her claim; and further Plaintiff contends that discovery is appropriate as to the manner in which the claim was handled to explore whether Plaintiff was afforded a full and fair review of her claim as mandated by ERISA which evidence might be relevant to the parties' argument as to whether Defendant acted in an arbitrary and capricious manner if that standard of review applies.

(6) Anticipated fields of expert testimony, if any:

The parties currently do not anticipate the utilization of experts in this action.

(7) Anticipated length of trial and whether to court or jury:

A trial by the court is expected to be completed in two days.

(8) The scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

(9) Plaintiff's Counsel:   Jason Newfield, Esq., Frankel & Newfield, P.C.,

585 Stewart Avenue, Garden City, New York 11530; (516) 222-1600

_____

Defendant's Counsel: Michelle Arbitrio, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 3 Gannett Drive, White Plains, NY 10604 (914) 323-7000

_____

SO ORDERED:

_____
Shira A. Scheindlin          10/30/07
United States District Judge

1729541.1