UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NANCY TRUSSEL,                                              :

                                                                        07 CV 6101 (SAS)

                        Plaintiff,           :

                - against -                        :

CIGNA LIFE INSURANCE COMPANY OF NEW YORK :
and CORNELL UNIVERSITY,

                                                :
                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY


                                          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                                              *Attorneys for Defendants CIGNA Life Insurance Company of New York and Cornell University*
                                              3 Gannett Drive
                                              White Plains, New York 10604
                                              (914) 323-7000


Of Counsel:

    Fred N. Knopf  (FNK 4625)
    Michelle M. Arbitrio (MA 2137)
    Emily A. Hayes (EH 5243)

1861218.1

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ..........................................................................................................................2

1. Plaintiff's Request for Discovery Should Be Denied Because CLICNY's
Decision is Subject to Arbitrary and Capricious Standard of Review
And the Court's Review is Limited to the Administrative Record......................................2

2. In Order to Be Permitted Discovery In Addition to the Administrative Record,
Plaintiff Must Show Good Cause ......................................................................................3

3. If Additional Discovery is Allowed, It Must be Narrowly Tailored................................5

4. Plaintiff Has Not Shown Good Cause to Be Entitled to Discovery Beyond
the Administrative Record .................................................................................................6

    A. The Reports and Addendums Prepared by Dr. Jares Are Not
    Evidence of Bias ............................................................................................................6

    B. CLICNY's Use of Surveillance Evidence Is Not Grounds for a
    Finding of Good Cause For Additional Discovery ..................................................10

    C. CLICNY's Use of Plaintiff's Social Security Award Is Not Grounds for a
    Finding of Good Cause For Additional Discovery ..................................................10

CONCLUSION......................................................................................................................12

Table of Authorities

Anderson v. Sotheby's Inc., No. 04 Civ. 8180, 2005 U.S. Dist. LEXIS 9033
(S.D.N.Y. May 13, 2005)..................................................................................................3, 4

Asuncion v. Metropolitan Life Ins. Co., 493 F. Supp. 2d 716 (S.D.N.Y. 2007) ...................6

Atakent v. The Prudential Insurance Co. of Am., No. 02 Civ. 5702, 2004 U.S. Dist. LEXIS 5573
(S.D.N.Y. Mar. 31, 2004) ......................................................................................................11

DeFelice v. American Int'l Life Assur. Co., 112 F.3d 61 (2d Cir. 1997)...............................2

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)................................................2

Joseph-Myers v. UNUM Provident, 03-CV-0558 (FB)(SMG) (E.D.N.Y. Feb. 5, 2004) .....4

Kocsis v. Standard Ins. Co., 142 F. Supp. 2d 241 (D. Conn. 2001) .....................................11

Kunstenaar v. Connecticut General Life Ins. Co., 902 F.2d 181 (2d Cir. 1990) ...................11

Locher v. Unum Life Ins. Co. of Am., 389 F.3d 288 (2d Cir. 2004).....................................2, 3, 4

McGann v. Travelers Prop. & Cas. Welfare Benefit Plan, No. 06-CV-527, 2007 U.S. Dist.
LEXIS 70233 (E.D.N.Y. Sept. 21, 2007) ...............................................................................4

Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995)................................................2

Mitchell v. First Reliance Std. Life Ins. Co., 237 F.R.D. 50 (S.D.N.Y. 2006).......................5

Nagele v. Electronic Data Sys., 193 F.R.D. 94 (W.D.N.Y. 2000).........................................5

Reittinger v. Verizon Communications Inc., No. 1:05-CV-1487, 2006 U.S. Dist. LEXIS 83293
(N.D.N.Y. Nov. 15, 2006) ......................................................................................................4

Rudolph v. Joint Indus. Bd., 137 F. Supp. 2d 291 (S.D.N.Y. 2001) ....................................11

Samedy v. First UNUM Life Ins. Co., No. 05-CV-1431, 2006 U.S. Dist. LEXIS 13375
(E.D.N.Y. Mar. 10, 2006) ......................................................................................................5, 6

Sheehan v. Metropolitan Life Ins. Co., No. 01 Civ. 9182, 2002 U.S. Dist. LEXIS 11789
(S.D.N.Y. June 28, 2002).......................................................................................................5

Defendants CIGNA Life Insurance Company of New York ("CLICNY") and Cornell University ("Cornell") (together, "Defendants") by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully submit this Memorandum of Law in opposition to plaintiff's Motion to Compel Discovery ("Pl.'s Mot.")

PRELIMINARY STATEMENT

In her Motion to Compel Discovery, plaintiff states that she seeks to "compel Defendant to determine the sufficiency of its responses to Plaintiff's Request Document Production and Interrogatories," and also asks that the Court order that depositions be permitted. (Plaintiff's Memorandum of Law in Support of Motion to Compel Discovery ("Pl.'s Mem."), at 1). However, the plaintiff has not served Defendants with any document requests or interrogatories, nor has she included draft demands with her Motion. As such, it is somewhat unclear what discovery the plaintiff seeks to compel and on what specific topics.

It is Defendants' position that the Court's review in this ERISA matter is limited to the contents of the Administrative Record considered by CLICNY in making its decisions, and that discovery outside of the production of the Administrative Record is not permitted. A copy of the Administrative Record has already been produced to plaintiff. In order to be given the opportunity for additional discovery, the plaintiff must show good cause why it should be permitted. In addition, even if the Court were to find that the plaintiff has shown such good cause, which she has not done here, case law makes it clear that the scope of discovery would be very narrowly tailored to cover only those subjects for which the Court finds that discovery is warranted.

1861218.1

1. <u>Plaintiff's Request for Discovery Should Be Denied Because CLICNY's Decision is Subject to Arbitrary and Capricious Standard of Review and the Court's Review is Limited to the Administrative Record</u>

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the denial of benefits will be upheld as long as it is not arbitrary and capricious, a highly deferential standard. <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989). Here, the applicable Summary Plan Description confers discretionary authority on CLICNY, stating "CIGNA reserves the right to determine whether benefits are payable and to interpret disputed or doubtful plan terms." (<u>See</u> Exhibit 1 to Declaration of Emily A. Hayes ("Hayes Decl.") at CLICNY 49).

"A district court's review under the arbitrary and capricious standard is limited to the administrative record." <u>Miller v. United Welfare Fund</u>, 72 F.3d 1066, 1071 (2d Cir. 1995). Therefore, the Court's review is limited to the administrative record, which includes all of the evidence considered by CLICNY in making its determinations. Even if the Court were to find that the applicable standard of review is de novo, the plaintiff would still have to show good cause why additional evidence should be admitted in order to expand the record. <u>DeFelice v. American Int'l Life Assur. Co.</u>, 112 F.3d 61, 67 (2d Cir. 1997). In <u>Locher</u>, the Second Circuit held that "a conflicted administrator does not <u>per se</u> constitute good cause, and [we] caution district courts that a finding of a conflicted administrator alone should not be translated <u>necessarily</u> into a finding of good cause. In the case at hand, we hold that the District Court's finding of good cause is bolstered in part by the finding that there were insufficient procedures

for internal or appellate review." <u>Locher v. Unum Life Ins. Co. of Am.</u>, 389 F.3d 288, 296 (2d Cir. 2004).

2. <u>In Order to Be Permitted Discovery In Addition to the Administrative Record, Plaintiff Must Show Good Cause</u>

In determining whether an ERISA plaintiff is entitled to discovery outside of the production of the administrative record, courts have repeatedly held that the plaintiff must show good cause why such discovery should be permitted. While some courts have held that the showing is somewhat less than the full good cause showing required in <u>Locher</u> and <u>DeFelice</u> for the admission of evidence outside the administrative record, a sufficient showing still must be made, and the decisions cited by plaintiff in her motion support that requirement. Plaintiff has not made the necessary showing here.

In the <u>Anderson</u> case, Magistrate Judge Eaton ruled that in determining whether additional discovery should be permitted, the plaintiff did not have to show good cause for that discovery but "must show a reasonable chance that the requested discovery will satisfy the good cause requirement." <u>Anderson v. Sotheby's Inc.</u>, No. 04 Civ. 8180, 2005 U.S. Dist. LEXIS 9033, at *17 (S.D.N.Y. May 13, 2005). Magistrate Judge Eaton also noted that this is true whether the standard of review is ultimately found to be arbitrary and capricious or de novo. The plaintiff in Anderson was able to make a sufficient good cause showing that a conflict of interest existed with the plan administrator, and so was allowed discovery outside the administrative record on the narrow topic of conflict of interest. <u>Id</u>. at *16-17. The showing included the fact that the plaintiff's appeal was decided by a committee of Sotheby's Inc., which was responsible for paying his benefits, the plan at issue had no specific procedures for consideration of claims or appeals of denials other than a one-paragraph statement regarding timing in its Summary Plan

Description, and the appeals committee did not keep records of the evidence considered and the review of his appeal. Id. at *17-19.

In the Reittinger case, the court, in discussing generally the scope of discovery in ERISA matters, did provide a list of 22 topics that might under certain circumstances be subjects of discovery outside of the administrative record, but stated that "[t]hese permissible inquiries are not available on a mere whim or by default, but the basis of discovery in these types of cases is premised upon establishing good cause." Reittinger v. Verizon Communications Inc., No. 1:05-CV-1487, 2006 U.S. Dist. LEXIS 83293 (N.D.N.Y. Nov. 15, 2006).

The dual role of CLICNY as the insurer and the claims administrator is not per se conflict of interest. See Locher, 389 F.3d at 296 (finding that "a conflicted administrator does not per se constitute good cause, and [we] caution district courts that a finding of a conflicted administrator alone should not be translated necessarily into a finding of good cause.").

In Joseph-Myers, the plaintiff presented evidence of public statements made by the defendant's employees that they were pressured by the defendant to deny claims, and this information was integral to the court's finding that the plaintiff was entitled to discovery regarding the existence of a conflict of interest and whether that conflict in fact affected the claim determination at issue. See Joseph-Myers v. UNUM Provident, 03-CV-0558 (FB)(SMG) (E.D.N.Y. Feb. 5, 2004) (Plaintiff's Exhibit C). See also McGann v. Travelers Prop. & Cas. Welfare Benefit Plan, No. 06-CV-527, 2007 U.S. Dist. LEXIS 70233, at *21 (E.D.N.Y. Sept. 21, 2007) (finding that plaintiff showed good cause to allow limited discovery related to conflict of interest).

3. <u>If Additional Discovery is Allowed, It Must Be Narrowly Tailored</u>

In her motion papers, plaintiff argues that courts often allow widespread discovery in ERISA cases, covering an array of topics. This is not accurate. To the contrary, even the cases allowing discovery cited by plaintiff in support of her position narrowly limited the scope of that discovery.

For example, the <u>Mitchell</u> case did not in fact determine that the plaintiff "was entitled to a full panoply of discovery." (Pl.'s Mem. at 2). Instead, the court in <u>Mitchell</u>, ruling on three specific depositions noticed by the plaintiff, and with specific topics described to be pursued in those three depositions, ruled that the depositions (and only those depositions) could go forward on those limited topics. <u>Mitchell v. First Reliance Std. Life Ins. Co.</u>, 237 F.R.D. 50, 52, 54 (S.D.N.Y. 2006). The court in <u>Nagele</u> also did not permit unlimited discovery, but limited the discovery to certain areas of inquiry. <u>Nagele v. Electronic Data Sys.</u>, 193 F.R.D. 94, 103, 106 (W.D.N.Y. 2000).

Plaintiff also argues that courts have allowed discovery to establish whether a conflict of interest exists. Plaintiff's statement is partially true – courts have allowed discovery to explore the existence of a conflict of interest and whether that conflict of interest in fact affected the plaintiff's claim. However, each of the cases cited by plaintiff is distinguishable. The <u>Sheehan</u> case involved a de novo standard of review and dealt with specific discovery requests served by the plaintiff; neither is the case here. See <u>Sheehan v. Metropolitan Life Ins. Co.</u>, No. 01 Civ. 9182, 2002 U.S. Dist. LEXIS 11789, at * 8, 11, 14 (S.D.N.Y. June 28, 2002). In <u>Samedy</u>, the plaintiff submitted evidence of a conflict of interest, including a declaration by a former employee of the defendant's corporate parent and a Report of the Targeted Multistate Market Conduct Examination of UNUM Provident Insurance Company of America to support her

argument that a conflict of interest existed, which the court found was sufficient to "provide a minimally sufficient basis to grant plaintiff limited discovery" on the "narrow purpose" of the existence of a conflict of interest, and whether a conflict of interest influence the defendant's claim decision. Samedy v. First UNUM Life Ins. Co., No. 05-CV-1431, 2006 U.S. Dist. LEXIS 13375, at *6-7 (E.D.N.Y. Mar. 10, 2006). In Asuncion, the court noted that it had previously held that the plaintiff was entitled to some limited discovery of facts not contained in the administratve record, including contracts between MetLife and the independent consultants involved with plaintiff's claim to determine whether the consultants had a conflict of interest in evaluating plaintiff's claim. Asuncion v. Metropolitan Life Ins. Co., 493 F. Supp. 2d 716, 722 (S.D.N.Y. 2007). The court's ruling does not mention depositions, and the allegedly privileged materials ordered to be produced were actually part of the administrative record, but had been withheld by the plaintiff because of its claim of privilege. Id. at 722-23.

These cases demonstrate that a showing of good cause beyond what the plaintiff has shown or can show in this matter is required to be allowed additional discovery beyond the Administrative Record, and that even when discovery is permitted, it is limited to the topics for which good cause is shown. Here, plaintiff has not provided any specific requests beyond a boilerplate list of topics for which discovery might in some situations be permitted. (Pl.'s Mem. at 3).

4. Plaintiff Has Not Shown Good Cause to Be Entitled to Discovery Beyond the Administrative Record

Plaintiff makes three arguments in an attempt to support her argument that good cause exists to allow discovery outside of the administrative record but, as set out below, none of the

arguments is successful. As a result, plaintiff has not established any level of good cause, and therefore her request for additional discovery outside of the administrative record should be denied.

      A. <u>The Report and Addendums Prepared by Dr. Jares Are Not Evidence of Bias</u>

Plaintiff argues that the addendums prepared by Dr. Jares to his independent peer review report, which were prepared at CLICNY's request, demonstrate bias on the part of Dr. Jares and/or CLICNY (Pl.'s Mem. at 6-9). However, a review of the records submitted with plaintiff's motion demonstrates that this is not in fact accurate.

In his peer review report, dated November 18, 2005, Dr. Jares opined that the plaintiff was not capable of doing her normal job as the Director of Human Resources at Cornell's Engineering School. (Pl.'s Ex. D). That report dealt exclusively with the specific requirements of plaintiff's former job, and not with jobs in the general economy. The report included a statement that the surveillance findings showing that she was able to drive to a doctor's appointment, and go to McDonald's and the Salvation Army Store did not equate to an ability to work effectively in her job at Cornell. This is <u>only</u> in the context of her former job at Cornell, Dr. Jares specifically refers to her <u>normal job</u>. (Pl.'s Ex. D at CLICNY 305 (emphasis added)).

The definition of disability contained in the long term disability policy ("Policy") at issue states:

> An Employee will be considered Disabled if, because of Injury or Sickness,
> 1.    the Employee is unable to perform all of the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and
> 2.    After Disability Benefits have been payable for 12 months, the Employee is unable to perform all the material duties of any occupation for which they may reasonably become qualified based on education, training or experience.

<u>See</u> Policy at CLICNY 16 (attached to Hayes Decl. as Exhibit 2).

Ms. Trussel received twelve months of long term disability benefits from CLICNY, and her benefits were terminated in May 2005 after a finding that she was not disabled under the second, any occupation definition of disability. (Pl.'s Mem. at 1). Dr. Jares' November 18, 2005 report was prepared during CLICNY's review of plaintiff's appeal of that decision, and the applicable inquiry was whether she met the any occupation definition of disability. Because Dr. Jares' November 18, 2005 report discussed only whether she was able to do her former job, and not whether she was able to do any occupation as defined in the Policy, an addendum was required to address her abilities under the any occupation definition. The any occupation definition is broader than a consideration of her own job, with her occupation and its skills and requirements used as a starting point, and CLICNY required an opinion regarding her overall capabilities and restrictions and limitations.

In his December 12, 2005 addendum, Dr. Jares reviewed the DOT classification of a Human Resources Advisor, including its work requirements, and stated that the opinions in his original report were unchanged. (Pl.'s Ex. F). This opinion was limited to the Human Resources Advisor DOT code, and did not provide general restrictions and limitations that CLICNY could use to determine if there were other suitable occupations which would be available under the any occupation definition of disability. As a result, CLICNY requested a further addendum commenting on plaintiff's general restrictions and limitations, and not limited merely to the occupational classification of her former job. (Pl.'s Ex. E at CLICNY 1070). Contrary to plaintiff's arguments, Dr. Jares had not already found that plaintiff could not work at any sedentary work – he had only stated in his November 18 report that she was unable to do her previous sedentary job, and all of its requirements, including attending meetings across the

campus without the ability to leave at a moments notice to use the bathroom. (Pl.'s Ex. D). This statement did not cover all sedentary occupations.

In his December 21, 2005 addendum, Dr. Jares provided the needed general restrictions and limitations, as well as accommodations that would allow plaintiff to be able to work in any sedentary occupation.[1] (Pl.'s Ex. G). He stated:

> I have now been asked to clarify if she could work at any occupation. Based upon the previously submitted medical record, Ms. Trussel would be capable of performing in a sedentary occupational level in which when sitting she would have the opportunity for customary work breaks at a frequency of every 2 hours to change position from sitting to standing for brief periods of time (2-3 minutes). She could walk and stand occasionally, up to 10 minutes at a time, one hour total, in an eight hour workday. She could not climb . . balance . . . stoop, crawl, kneel, crouch or squat. She could not repetitively use her lower extremities. There is no medical basis to restrict the use of her upper extremities. Because of her use of pain medications she could not work around dangerous machinery and would have to be cautious in her driving. Also, because of her unpredictable bouts of fecal and urinary incontinence she would need immediate access to bathroom facilities. Within the restrictions as outlined above, Ms. Trussel would be capable of functioning in a full time sedentary capacity, as defined by the U.S. Department of Labor.

(Pl.'s Ex. G at CLICNY 1085). The December 21 addendum was the first time that Dr. Jares had evaluated Ms. Trussel's condition under the applicable standard, the any occupation definition of disability. It is therefore not inconsistent with his previous opinions, and is not evidence of bias to establish good cause to allow discovery outside of the Administrative Record.

Similarly, Dr. Jares' third addendum, dated January 5, 2006, is not inconsistent with his previous findings regarding the surveillance footage. (Pl.'s Ex. H). In his original, November 15, 2005 opinion, Dr. Jares stated that the findings of the surveillance report did not show an ability to function in her normal job or her own occupation. (Pl.'s Ex. D). However, that is not the

---

[1] In her memorandum of law, plaintiff states that CLICNY was Dr. Jares' employer, which is incorrect. Dr. Jares was an outside independent reviewer employed by MLS National Medical Examiners, as evidenced by the documents submitted by plaintiff in support of her motion. (See Pl.'s Exs. D, F, G, H, I).

proper inquiry on an any occupation review, and his final findings were appropriately made under the any occupation definition of disability. This is not a demonstration of bias.

### B. CLICNY's Use of Surveillance Evidence Is Not Grounds for a Finding of Good Cause For Additional Discovery

Plaintiff also argues that the CLICNY's use of surveillance footage demonstrates a conflict of interest to establish good cause. (Pl.'s Mem. at 9). As discussed above, Dr. Jares' opinions regarding the surveillance footage are not inconsistent, but were rather made using two different definitions of disability. He first found that the surveillance findings did not demonstrate her ability to work at her normal job, and later found that the findings did demonstrate an ability to work at another sedentary job. That is not inconsistent. The surveillance footage and the written report prepared by the surveillance company showed that she sat in a car for a time period longer than her doctor stated that she was capable of sitting. (Pl.'s Ex. H). It is irrelevant that for a portion of the surveillance she was traveling to an IME arranged by CLICNY – the findings still clearly show that she had functional capabilities greater than that stated by her doctors. This is an appropriate inquiry for CLICNY to make, and does not lead to a showing of good cause for additional discovery.

### C. CLICNY's Use of Plaintiff's Social Security Award Is Not Grounds for a Finding of Good Cause For Additional Discovery

Plaintiff states that CLICNY's "failure to account for Social's Security's finding of disability, while embracing the offset against its obligations to the plaintiff, demonstrates conduct guided by its financial conflict of interest." (Pl.'s Mem. at 10). This is not the case. First, the Policy specifically requires that a claimant apply for social security disability benefits, and that any benefits received will be offset from disability benefits paid by CLICNY under the

Policy. (Ex. 2 to Hayes Decl. at CLICNY 32, 33). CLICNY offers assistance through Advantage 2000 Consultants as a service to claimants. (Policy, Def.'s Ex. 2, at CLICNY 34; Pl.'s Ex. M).

Second, a disability insurer is not bound by a decision made by the Social Security Administration. In upholding the denial of long term disability benefits, the Southern District of New York ruled in Atakent that "[a] benefits plan administrator is not bound by a determination reached by the Social Security Administration concerning the award of disability benefits under the Social Security Act when determining whether a person is entitled to receive benefits under a benefits plan governed by ERISA." Atakent v. The Prudential Insurance Co. of Am., No. 02 Civ. 5702, 2004 U.S. Dist. LEXIS 5573, at *22 (S.D.N.Y. Mar. 31, 2004); see also Kunstenaar v. Connecticut General Life Ins. Co., 902 F.2d 181, 184 (2d Cir. 1990); Kocsis v. Standard Ins. Co., 142 F. Supp. 2d 241, 255 (D. Conn. 2001) ("[T]he definition of 'disability' which controls a decision by the Social Security Administration is not binding on the Plan's administrator under ERISA. As such, a plan administrator is not bound by the determination of the Social Security Administration." (citation omitted)); Rudolph v. Joint Indus. Bd., 137 F. Supp. 2d 291, 300 (S.D.N.Y. 2001) ("A plan administrator making discretionary determinations as to eligibility is not bound by the determination of the Social Security Administration.").

Third, CLICNY did consider plaintiff's Social Security award in making its benefit determinations, as evidenced in the January 24, 2006 letter upholding the termination of benefits on appeal. That letter included the Social Security Award letter in its list of documents received and reviewed, and stated as part of its evaluation "in regards to the Social Security award letter submitted, please note that your disability award from the Social Security administration has no impact on your eligibility for Long Term Disability benefits. Your claim is evaluated based upon

the disability requirements in the Long Term Disability policy and the medical records on file." (January 24, 2006 letter, attached to Hayes Decl. as Exhibit 3, at CLICNY 1111).

For these reasons, CLICNY's use of plaintiff's Social Security award information was not improper and does not lead to a finding of good cause to be permitted discovery outside the Administrative Record.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court should deny Plaintiff's Motion to Compel Discovery. Plaintiff has not made the showing of good cause required to be allowed additional discovery outside of the Administrative Record in this ERISA matter.

Dated: White Plains, New York
      January 21, 2008

DEFENDANTS CIGNA LIFE INSURANCE COMPANY
OF NEW YORK and CORNELL UNIVERSITY

By:  s/Emily A. Hayes
    Fred N. Knopf (FNK 4625)
    Michelle M. Arbitrio (MA 2137)
    Emily A. Hayes (EH 5243)
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
    3 Gannett Drive
    White Plains, New York 10604
    (914) 323-7000
    (914) 323-7001 (fax)

**CERTIFICATION**

      I certify that on January 21, 2008, a copy of Defendant's Opposition to Plaintiff's Motion to Compel Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                      s/Emily A. Hayes
                                                      Emily A. Hayes (EH 5243)