IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY TRUSSEL,

            Plaintiff,

  - vs. -

CIGNA LIFE INS. CO OF NEW YORK and
CORNELL UNIVERSITY,

            Defendants.

CV 07 6101 (SAS)

---

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY

                              FRANKEL & NEWFIELD, P.C
                              Attorneys for Plaintiff
                              585 Stewart Avenue
                              Garden City, New York 11530

Of Counsel:

Jason Newfield (JN5529)
Justin Frankel (JF 5983)

# TABLE OF AUTHORITIES

Page

*Anderson v. Sotheby's Inc. Severance Plan,* 2005 U.S. Dist. LEXIS 9033 (S.D.N.Y. 2005)......1,2

*Allison v. First UNUM Life Ins. Co.,* 2005 U.S. Dist. LEXIS 3465 (E.D.N.Y. 2005) ..............2

*Daniel v. UNUM Provident Corp.,* 2008 U.S. App. LEXIS 1396 (2d Cir. 2008).......................2

*Hall v. MLS National Med. Eval., Inc.,* 2006 U.S. Dist. LEXIS 72854 (E.D. Ky. 2006) ............4

*Jagielski v. Met Life Ins Co.,* 2007 U.S. Dist. LEXIS 62660 (W.D. Pa. 2007) ...........................3

*McGann v. Travelers Propo. & Cas. Welfare Benefit Plan.,* 2007 U.S. Dist. LEXIS 70233 (E.D.N.Y. 2007) ..............................................................................................2

*Mikrut v. UNUM Life Ins. Co. of Amer..,* 2006 U.S. Dist. LEXIS 92265 (D. Conn. 2006) ..............................................................................................................6

*Mitchell v. First Reliance Standard Life Ins. Co.,* 237 F.R.D. 50 (S.D.N.Y. 2006)..............................................................................................................3

*Monroe v. Life Ins. Co.,* 2007 U.S. Dist. LEXIS 93504 (E.D. Mo. 2007) ................................4

*Nagele v. Electronic Data Systems, Corp.* 193 F.R.D. 94 (W.D.N.Y. 2000) ..............................3

*Post v. Hartford Ins. Co.,* 501 F.3d 154 (3d Cir. 2007) ..............................................................5

*Reittinger v. Verizon Comm. Inc.,* 2006 U.S. Dist. LEXIS 83293 (N.D.N.Y. 2006) ..................3

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this reply memorandum in further support of her entitlement to discovery - notwithstanding that discovery requests have yet to be propounded[1]. It is respectfully submitted that Plaintiff should be entitled to conduct discovery, including appropriate depositions, so that Plaintiff can develop evidence to support its position that Defendant's structural conflict of interest influenced the handling of Plaintiff's claim.

Defendant's opposition also mistakenly, or prematurely addresses whether evidence beyond the administrative record can be considered by the Court in its ultimate determination of the action, presumably at the dispositive motion stage of these proceedings. That is not the analysis before Your Honor, however, as the issue being presented is whether Plaintiff can gather evidence through discovery at this stage. That evidence may ultimately be utilized by Plaintiff in an effort to expand the scope of the evidence considered, but that issue must be considered at a later stage.

## ARGUMENT

Contrary to the position advanced by Defendant, the facts of this case lend strong support for the need to conduct discovery, irrespective of the standard of review. Citing to <u>Anderson v. Sotheby's Inc.</u>, 2005 U.S. Dist. LEXIS 9033 (S.D.N.Y. 2005), Defendant attempts to distinguish the features in that case which provided "good cause" and supported discovery - however, what Defendant has done is actually demonstrate that some of the <u>Anderson</u> factors exist in the instant action. Defendant cites to the fact that the plaintiff's administrative appeal in <u>Anderson</u> was decided by a committee of Sotheby's.

---

[1] Your Honor addressed the issue of submitting the motion prior to service of Discovery Requests in the Initial Conference of October 30, 2007.

1

Here, the claim determination was made by employees of Defendant (or its affiliate Life Insurance Company of North America ("LINA"))[2]. Defendant also cites to the fact that in Anderson, it was determined that the plan had no specific procedures for consideration of the claim. Here, Defendant refuses to produce its claim handling guidelines (known as the "Book of Operating Knowledge").[3] In McGann v. Travelers Prop. & Cas. Welfare Plan, 2007 U.S. Dist. LEXIS 70233, *26 (E.D.N.Y. 2007), the court determined that the absence of written claim procedures in the record supported the need to look beyond the record in resolving the issue of conflict.

Moreover, the court in Anderson stated that "[c]onflicts of interest and shoddy procedures are not the only factors that might satisfy the good cause requirement." Id. at * 12-13. As noted in Plaintiff's moving papers, there are strong factual indicia of good cause to support discovery.

Notably, Defendant does not even attempt to address or distinguish Allison v. First Unum Life Ins. Co., 2005 U.S. Dist. LEXIS 3465 (E.D.N.Y. 2005), a case relied upon by Magistrate Judge Eaton in Anderson, and a case that permitted a deposition of medical personnel and documentation relating to claim procedures. Given the factual support offered by Plaintiff herein, the deposition of medical personnel is an important area of exploration.

---

[2] A separate issue that may need judicial determination is whether CLICNY is entitled to discretion notwithstanding the purported delegation of discretion in the Summary Plan Description, as LINA employees are the individuals making claim determination, not CLICNY employees. See Daniel v. UNUM Provident Corp., 2008 U.S. App. LEXIS 1396 (2d Cir. 2008); see also Deposition of Richard Lody, dated January 16, 2008, in an unrelated matter, indicating that employees of LINA are the only employees who review and handle disability claim, like the instant claim (Exhibit "A", page 19).

[3] This material was requested in a letter dated September 26, 2007 and rejected by counsel's letter dated October 4, 2007. (Exhibit "B" collectively).

2

Depositions were also ordered in <u>Mitchell v. First Reliance Standard Life Ins. Co.</u>, 237 F.R.D. 50 (S.D.N.Y. 2006), where Defendant argued that because the Court's review of the action was limited to the administrative record (largely echoing the position apparently advanced herein), discovery was limited. Defendant's efforts to limit the import of <u>Nagele v. Electronic Data Systems Corp.</u>, 193 F.R.D. 94 (W.D.N.Y. 2000), is confusing, as the areas of discovery set forth create a good framework for what Plaintiff seeks herein. Furthermore, <u>Reittinger v. Verizon Communications, Inc.</u>, 2006 U.S. Dist. LEXIS 83293 (N.D.N.Y. 2006)(ordering depositions of decision makers, and articulating a non-exhaustive list of 22 categories of potential discovery) expands upon the <u>Nagele</u> framework and articulates why discovery would aid the ultimate arbiter of Plaintiff's claim (holding that discovery is permissible "to assist the courts in determining whether the plan administrator's or fiduciary's decision was based upon a consideration of the relevant factors and whether there has been a clear error of judgment."). <u>Id.</u>, at *7.

## **GOOD CAUSE SUPPORTING DISCOVERY**

Plaintiff has provided significant facts demonstrating the existence of procedural irregularities which provide good cause in support of pursuing discovery.[4] Contrary to the position advanced by Defendant in opposition, the factual support offered by Plaintiff is compelling and satisfies the limited burden of showing some good cause.

---

[4] <u>Jagielski v. Met Life Ins. Co.</u>, 2007 U.S. Dist. LEXIS 62660, *38-43 (W.D. Pa. 2007) provides a good exploration of the nature of procedural irregularities in claim handling.

3

1. <u>Defendant's interaction with Dr. Jares[5].</u>

While Defendant attempts to explain away as benign the requests for addendum to Dr. Jares' original report finding Plaintiff to be impaired, there is no way - on the record as it exists - to properly address the alteration of his opinions. Specifically, despite its efforts, Defendant has remained unable to explain why Dr. Jares changed his view that being able to drive to a doctor's appointment or being able to go to a McDonald's or go to the Salvation Army store does not equate to working effectively.

Moreover, to the extent that Dr. Jares was employed by MLS National Medical Examiners, further cause for concern exists. See <u>Hall v. MLS National Medical Evaluations, Inc., et al.</u>, 2006 U.S. Dist. LEXIS 72854 (E.D. Ky. 2006)(where suit was brought against MLS for materially altering a report prepared by one of its retained doctors). It remains uncertain what role MLS played in securing the addendums, and how or why Dr. Jares began advocating against Plaintiff's claim based upon the surveillance, when he expressly rejected the utility of the surveillance materials as evidence of her functional capacity for work. See <u>Monroe v. Life Ins. Co.</u>, 2007 U.S. Dist. LEXIS 93504, at *24-28 (E.D. Mo. 2007)(admitting deposition testimony of paper reviewing doctor), at * 28-30.

2. <u>Defendant's surveillance.</u>

Defendant has relied largely upon surveillance it obtained of Plaintiff in its claim termination. Reliance upon this surveillance, which at best could be characterized as demonstrating a limited

---

[5] While Defendant raises the argument that Dr. Jares is "independent", that is a core issue in this case. Discovery as to the frequency he is utilized by Defendant, how much he earns from his work on behalf of insurance companies are just some of the important inquiries which bear upon his potential bias and the issue of conflict of interest. Moreover, discovery as to MLS National Medical Examiners would be significant in this action.

ability to engage in activities of life, does nothing to demonstrate the ability to sustain work. Defendant has argued that it is irrelevant that the major surveillance "findings" consist of Plaintiff's travel to a medical appointment which it compelled.

Defendant's conflict of interest is transparent through this action; forcing Plaintiff to travel such a long distance, under the penalty of not complying with her policy requirements, and then using her mandated compliance with this requirement as the cornerstone for its claim termination. One could not ask for a better example of conduct guided by its conflict of interest. To argue that she had functional ability to work on a sustained basis, and that it showed that her capabilities were greater than that stated by her doctors, on the basis of her ability to engage in traveling to the IME - under reprisal of a loss of her benefits - is without fail the most flagrant demonstration of claim bias. See e.g., Post v. Hartford Ins. Co., 501 F.3d 154, 166-67 (3d Cir. 2007)(discussing aggressive nature of surveillance)  It is respectfully submitted that this conduct supports discovery.

3.   Defendant's Refusal to account for Social Security's finding of disability.

In opposition, Defendant makes Plaintiff's argument more powerful that Defendant's failure to properly consider Social Security's award of disability reveals its conduct was influenced by a conflict of interest. Defendant relies upon its January 24, 2006 letter which states that Plaintiff's "disability award from the Social Security administration has no bearing on your eligibility for Long Term Disability Benefits." See Defendant's Exhibit 3. Thus, rather than argue that the findings of Social Security were considered but seemingly rejected, Defendant admits that it failed to even consider this material.

5

While this conduct may in and of itself reveal Defendant's claim handling to be arbitrary and capricious, there is no doubt that it strongly supports good cause to pursue discovery.[6] Defendant ignores several important facts regarding this issue, including (1) Defendant provided the disability advocate, Advantage 2000 Consultants, to assist Plaintiff in the pursuit of her Social Security Disability claim, and (2), Defendant readily embraced the financial benefit contained in the policy to offset her benefits for both herself and her dependent. See Mikrut v. UNUM Life Ins. Co. of Amer., 2006 U.S. Dist. LEXIS 92265 (D. Conn. 2006)(holding that the insurer was influenced by its conflict of interest where it failed to address self reported pain in considering the claim, where it rejected treating physicians in favor of paid physicians, and where it failed to consider the findings of Social Security, despite accepting the financial benefit of the SSDI award). Defendant has no response to the Mikrut case, which recognized the influence of an insurer's conflict of interest in parallel circumstances to the instant action.

---

[6] Discovery, including the deposition of the author of the January 24, 2006 letter and the claim handling guidelines would be appropriate discovery to be conducted on this issue.

## CONCLUSION

Plaintiff has made a sufficient showing of good cause to permit discovery regardless of the standard of review which the Court may apply. Accordingly, Plaintiff respectfully requests an Order permitting discovery.

Dated: February 5, 2008

                                      Respectfully submitted,

                                      FRANKEL & NEWFIELD, P.C.

By:    Jason A. Newfield

## CERTIFICATE OF SERVICE

I, Jason Newfield, hereby certify that on February 5, 2008, a copy of the Plaintiff's Reply Memorandum of Law, Declaration of Jason Newfield, and Exhibits in Further Support of Motion for Discovery was mailed via first class mail, to the counsel listed below:

Emily Hayes, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

These documents were also filed ECF.

_____
Jason Newfield