**EXHIBIT B**

# FRANKEL & NEWFIELD, P.C.

ATTORNEYS AT LAW

Justin C. Frankel*
Jason A. Newfield*

*Admitted in NY, CT and PA

585 Stewart Avenue
Suite 301
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
www.frankelnewfield.com

September 26, 2007

**VIA FACSIMILE (914) 323-7001 and EMAIL**

Michelle Arbitrio, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

Re:  **Trussel v. Cigna - 07 cv 6101 (WHP)**

Dear Michelle:

It was a pleasure speaking with you regarding this matter, and discussing our respective positions concerning the nature and scope of discovery in this case.

As I discussed, I am providing you with an articulation of Plaintiff's position concerning discovery, and I urge Defendant to consider our position so that we may endeavor to resolve our discovery disputes without the need for judicial intervention.

As an initial matter, Plaintiff does not believe that the policy provides for any discretion to CIGNA, and thus Plaintiff is entitled to a *de novo* review of the claim determination. We are asking you to stipulate to this issue, however, in the event that CIGNA will not so stipulate, we are requesting that CIGNA identify the specific policy language that it intends to argue provides for discretion under the policy. Resolution of this issue should help in resolving the scope of discovery.

Plaintiff's position is that discovery is warranted in this case, notwithstanding this being an ERISA disability benefits case, under 502(a)(1)(B). Plaintiff thus believes that under Mitchell v. First Reliance Standard Life Ins. Co., 237 F.R.D. 50 (S.D.N.Y. 2006)(one of the most recent decisions regarding discovery), Plaintiff is entitled to a full panoply of discovery. In that case, Defendant sought a protective order against depositions, primarily upon the basis that the review of the action was limited to the administrative record (largely echoing the position advance herein). Significantly, the Court held that regardless of the standard of review, discovery was permissible, including depositions. The Court cited to Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995), as well as Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94 (W.D.N.Y. 2000).

The categories which are appropriate for discovery under these cases is as follows:

- the exact nature of the information considered by the fiduciary in making its decision;
- whether the fiduciary was competent to evaluate the information in the administrative record;
- how the fiduciary reached its decisions; and
- whether, given the nature of the information in the record, in was incumbent upon the fiduciary to seek outside technical assistance in reaching a "full and fair review" of the claim.



FRANKEL & NEWFIELD, P.C.

Michelle Arbitrio
Page 2

Accordingly, Plaintiff believes that it is appropriate for discovery, taking the form of document production, interrogatories and depositions, to enlighten upon these issues.

Moreover, to the extent that discretionary language exists which might otherwise compel an arbitrary and capricious standard of review, discovery as to the issue of the influence of CIGNA's conflict of interest upon its handling of Plaintiff's claim is also relevant. See Sheehan v. Met Life, 2002 U.S. Dist. LEXIS 11789 (S.D.N..Y. 2002); Samedy v. First UNUM Life Ins. Co., 2006 U.S. Dist. LEXIS 13375 (E.D.N.Y. 2006); Asuncion v. Met Life, 493 F. Supp.2d 716 (S.D.N.Y. 2007)(court directed both Rule 30(b)(6) deposition and claim handling deposition, compelled production of contract with medical consultant and compelled production of materials alleged to be attorney-client).

Further, it is difficult to believe that CIGNA would advance the position that (the relevant sections) of its Book of Operating Knowledge should not be provided. See Levy v. INA Life Ins. Co. of New York, 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. 2006). See also 29 CFR § 2560.503-1(g)(1), (h)(2), (i)(5), (j)(5) and (m)(8). We believe that CIGNA is collaterally estopped from even arguing that the production of this material should be confidential.

Please advise your client that if a motion to compel discovery needs to be made, Plaintiff will not consent to any confidentiality of the material. Rather, we will vigorously oppose any application for a protective order, on the basis of the holding in Levy.

Plaintiff respectfully requests that CIGNA respond to our letter herein, and addresses the legal authority provided, so that we may, in good faith, determine whether genuine discovery disputes exist, or can be resolved without judicial intervention.

Thank you for your attention to this matter.

Very truly yours,

FRANKEL & NEWFIELD, P.C.

By: _____
Jason Newfield

JAN/bms

X:\Shared\Trussell\wemed disc ltr.wpd

# FRANKEL & NEWFIELD, P.C.
Attorneys at Law

585 Stewart Avenue
Suite 301
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
WWW.FRANKELNEWFIELD.COM

## FAX COVER MEMO

| TO: | Michelle Arbitrio, Esq |
|---|---|
| FIRM NAME: | WEMED |
| FAX #: | (914) 323-7001 |
| TELEPHONE #: | |
| CITY: | |

| FROM: | Jason Newfield, Esq. |
|---|---|
| DATE: | September 26, 2007 |
| RE: | Trussel v CIGNA |
| FILE #: | |
| COMMENTS: | |

___2___   Page(s) to Follow

If there are any problems concerning the transmission of this material, please call (516) 222-1600.

### NOTE REGARDING SERVICE BY ELECTRONIC MEANS

The telecopier number of this office has not been designated as a telephone number for service by electronic means pursuant to CPLR § 2103(b)(5).

### NOTE REGARDING CONFIDENTIALITY

The documents accompanying this telecopy transmission contain information which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is prohibited.

```
Transaction Report
Send
Transaction(s) completed
No. TX Date/Time    Destination                    Duration P.#      Result    Mode
968 SEP-26  16:45  19143237001                     0'00'25" 003      OK        N  ECM
```

# FRANKEL & NEWFIELD, P.C.
## Attorneys at Law

585 Stewart Avenue
Suite 301
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
WWW.FRANKELNEWFIELD.COM

### FAX COVER MEMO

| TO: | Michelle Arbitrio, Esq |
|---|---|
| FIRM NAME: | WEMED |
| FAX #: | (914) 323-7001 |
| TELEPHONE #: | |
| CITY: | |

| FROM: | Jason Newfield, Esq. |
|---|---|
| DATE: | September 26, 2007 |
| RE: | Trussel v CIGNA |
| FILE #: | |
| COMMENTS: | |

__2__ Page(s) to Follow

If there are any problems concerning the transmission of this material, please call (516) 222-1600.

### NOTE REGARDING SERVICE BY ELECTRONIC MEANS

The telecopier number of this office has not been designated as a telephone number for service by electronic means pursuant to CPLR § 2103(b)(5).

### NOTE REGARDING CONFIDENTIALITY

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000   Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

October 4, 2007

**By Email and Regular Mail**

Jason A. Newfield
Frankel & Newfield, P.C.
585 Stewart Avenue
Suite 301
Garden City, NY 11530

RE:  Nancy Trussel v. CIGNA Life Insurance Company of N.Y.
and Cornell University
07 CV 6101 (SAS)

Dear Mr. Newfield:

As you are aware, we represent the defendants, CIGNA Life Insurance Company of New York ("CLICNY") and Cornell University ("Cornell") in the captioned matter. We write to respond to your September 26, 2007 regarding the scope of discovery in this case.

The defendants take the position that discovery in this case is limited to the administrative record because this matter is governed by the Employee Retirement Income Security Act ("ERISA"). A primary goal of ERISA is to provide a method to resolve disputes over benefits inexpensively and expeditiously. Miller v. United Welfare Fund, 72, F.3d 1066 (2d Cir. 1995). Unbridled discovery can delay the time required to complete judicial review, in contravention of ERISA's goal of speedy adjudication. Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 105 (W.D.N.Y. 2000). Thus, the court must limit discovery in order to expedite the disposition of the action. Nagele, at 105 citing Fed.R.Civ.P.16(a)(1). In deciding whether to grant discovery beyond the administrative record, the court must balance a plaintiff's need for discovery against the fiduciary's interest in prompt disclosure of the dispute in keeping with ERISA's overall policy. Nagele at 105.

In an ERISA case, the decision whether to allow discovery is distinct from the decision whether to allow consideration of additional evidence beyond the administrative record. Anderson v. Sotheby's Inc., 2005 U.S. Dist. LEXIS 9033, *16-18. (S.D.N.Y. 2005). For the court to consider additional evidence beyond the administrative record, plaintiff must show "good cause." Id. In Anderson, the court held that to obtain additional discovery, plaintiff must show "a reasonable chance that the requested discovery will satisfy the good cause requirement." Id at 17. Since *any* requested discovery *might* help to show good cause, the courts set a "reasonableness" standard to prevent plaintiffs from indulging in fishing expeditions. See, Id.

To permit discovery beyond the administrative record, district courts require plaintiff to make a preliminary showing, based on the administrative record, that defendant engaged in wrongdoing. For example, in <u>Samedy</u>, before being granted <u>any</u> discovery, plaintiff presented a statement from a former employee of the defendant corporation who stated that she was under pressure from the company to deny claims. <u>Samedy v. First Unum Life Ins. Co.</u>, 2006 U.S. Dist. LEXIS 13375, *5 (E.D.N.Y. 2006). Unlike here, the plaintiff in <u>Samedy</u> offered compelling factual evidence of potential impropriety.

The <u>Anderson</u> court reached a similar result on compelling facts. The decision to allow discovery in <u>Anderson</u> was based in part on a finding that the reviewing committee at the insurance company did not keep records of a large amount of the evidence used in determining the claim. <u>Anderson</u>, at *18-19. Here, the defendants produced a complete record of the claims handling process.

The Court in <u>Porter</u> agreed with the position of its predecessors, holding that:

> ...it is clear that some factual showing must be made before discovery outside the administrative record is allowed and any pretrial discovery should be taken with an eye towards the "good cause" standard. Discovery should be focused, as in <u>Nagele</u>, on a determination of whether the administrative record is complete, and to explain its meaning. 193 F.R.D. at 103. Similarly, as in Harris, discovery geared toward assessing potential conflicts of interest and the clarity of plan language would be proper, particularly if the standard of review has not been determined. 2000 WL 1838308. <u>Porter v. Prudential</u>, 2006 U.S. Dist LEXIS 46069 (S.D.N.Y., Aug. 2, 2006).

Because plaintiff has failed to present compelling factual evidence indicating a need for additional discovery, and because no such evidence exists in the administrative record, defendants take the position that the court should limit the scope of discovery to the contents of the administrative record.

It should be noted that the defendants object to the portion of the September 26 letter suggesting that plaintiff is entitled to CLICNY's claim manual, referred to as the Book of Operating Knowledge. The Book of Operating Knowledge is regarded as a confidential document and is limited to internal use only, stating on its cover:

> The material in this publication is considered proprietary and confidential. This publication is intended for internal use and distribution only. Distribution to any person other than a CIGNA company employee is strictly prohibited.

The Claim Manual contains confidential, proprietary, commercial information regarding the process for handling and investigating claims, and represents a unique compilation of the

specific experience that CLICNY and its related companies has acquired over the years regarding its claim handling and investigative procedures as the result of great time, expense and effort. The manual contains proprietary information that is valuable to competitors. The general dissemination of these exclusive materials and disclosure of internal business policies and proprietary procedures to competitors and to the general public will work to defendants commercial and competitive disadvantage. See Cohen v. Metropolitan Life Ins. Co., No. 00 Civ 6112, 2003 U.S. Dist. LEXIS 4468, * 2-3 (S.D.N.Y. Mar. 26, 2003). Further, based on case law in the Second Circuit, specifically within the Southern District of New York, even a confidentiality agreement will not ensure that the contents of the claim manual will remain confidential, and so will not provide CLICNY with the assurances that it needs. See Levy v. INA Life Ins. Co. of N.Y., No. 05 Civ. 10310, 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. Nov. 14, 2006); Palmotti v. Metropolitan Life Ins. Co., No. 04 Civ. 718, 2006 U.S.Dist. LEXIS 8031, *3 (S.D.N.Y. Mar. 2, 2006).

Defendant reserves the right to respond to any new arguments raised in plaintiff's reply letter.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


Michelle M. Arbitrio
(MA 2137)

1707789.1