UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NANCY TRUSSEL,

                                                     Plaintiff,

                - against -

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK, and CORNELL UNIVERSITY,

                                                    Defendant.
-----------------------------------------------------------------------X

07CV 6101 (SAS)

**PROPOSED**
**SCHEDULING ORDER**

        Whereas, the Court issues an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on October 16, 2007 (the "Order"); and

        Whereas, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

        Now, therefore, the parties hereby submit the following information as required by the Order:

(1)    The date of the conference is October 30, 2007.  Appearances for the parties:

        For Plaintiff:        Jason Newfield, Esq. (JN5529), Frankel & Newfield, P.C., 585 Stewart Avenue, Garden City, New York 11530; (516) 222-1600, fax (516) 222-0513.

        For Defendants:        Michelle Arbitrio, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 3 Gannett Drive, White Plains, NY 10604; (914) 323-7000, fax (914) 323-7001.

(2)    A concise statement of the issues as they then appear:

        Plaintiff brings this ERISA action seeking a declaration of entitlement to her long term disability benefits under a group policy of insurance between Defendant and Plaintiff's employer, Cornell University.

Plaintiff contends that Defendant's adverse benefit determination was erroneous, was rendered in an arbitrary and capricious manner, was made as a result of CIGNA's inherent conflict of interest as claims payor and claims determiner, which conflict actually influenced the decision making, and was the result of a multitude of procedural irregularities in the handling of his claim.

Defendant takes the position that its benefit determination was reasonable and supported by substantial evidence in the claim record; that the medical records in the administrative file support a finding that plaintiff was not disabled as that term is defined in the Plan Contract; and that the decision to terminate plaintiff's benefits was not influenced by a conflict of interest. Therefore, defendant contends that for these and other reasons, its benefits determination should be upheld under either a de novo or arbitrary and capricious standard of review.

(3)    A schedule including:

(a)    the names of persons to be deposed and a schedule of planned depositions:

Plaintiff will seek to conduct depositions of Lisa Lyle, Karen Brown, Vincent Engel, Joseph Jares, M.D., and Paul Seiferth, M.D., with regard to the issue of conflict of interest.

Defendant reserves the right to object to the requested depositions to the extent that the deponents lack knowledge concerning the issue of conflict of interest. Defendant also reserves the right to depose witnesses concerning the conflict of interest issue.

(b)    a schedule for the production of documents:

Document requests, if any, will be served by April 25, 2008.

(c)    dates by which expert reports will be supplied:

The parties currently do not anticipate the utilization of experts in this action.

(d)    time when discovery is to be completed:

The parties agree that discovery should be completed by July 1, 2008.

(e)    the date by which dispositive motions will be served or by which Plaintiff will supply

2

its pre-trial order matters to Defendant:

August 1, 2008.

(f) (if dispositive motions are not made) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed findings of fact and conclusions of law:

August 1, 2008

(g) Date for final pre-trial conference pursuant to Fed. R. Civ. P 16(d): _____

(4) A statement of the limitations to placed on discovery, including any protective or confidentiality orders:

See Judge Scheindlin's Order and Decision dated April 4, 2008.

(5) A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

No disagreements exist at this time. Both parties reserve the right to amend this response should a disagreement arise.

(6) Anticipated fields of expert testimony, if any:

The parties currently do not anticipate the utilization of experts in this action.

(7) Anticipated length of trial and whether to court or jury:

A trial by the court is expected to be completed in two days.

(8) The scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

(9) Plaintiff's Counsel:   Jason Newfield, Esq., Frankel & Newfield, P.C.,

585 Stewart Avenue, Garden City, New York 11530; (516) 222-1600

_____s/Jason Newfield_____

3

1961181.1

Defendant's Counsel: Michelle Arbitrio, Esq., Wilson Elser Moskowitz Edelman & Dicker, LLP, 3 Gannett Drive, White Plains, NY 10604 (914) 323-7000

_____s/Michelle Arbitrio_____

SO ORDERED:

_____
Shira A. Scheindlin
United States District Judge

1961181.1